HENRY McDANIEL, by his next friend HENRY McDANIEL, *vs.* CHARLES DE K. TOWNSEND.

*Personal Injuries—Foreign Attachment—Application to Quash Judgment—Application to Vacate—Action brought after Expiration of Year—Statute—Act of Limitation—Pleading —Inquisition at Bar—Application to set Aside Refused.*

1. A foreign attachment proceeding will not be quashed, nor a judgment obtained therein in an action for personal injuries vacated, on the ground that the action was not commenced within the statutory period of one year from the time of the happening of the alleged injuries.

2. Application to set aside inquisition at bar refused.

(*June 2, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*William S. Hilles* for plaintiff.

*Alexander B. Cooper* (special appearance) for defendant.

Superior Court, New Castle County, May Term, 1903.

FOREIGN ATTACHMENT CASE, (No. 62, February Term, 1902).

Cause of action was for damages for injuries occasioned on September 23, 1900, to the plaintiff by reason of the collapsing of a brick building owned by defendant in the city of New Castle, Delaware.

Bail $2,500.   Writ issued January 20, 1902.

Lands attached.   Narr filed same day, and on motion of plaintiff's attorney, judgment for want of an appearance.

May 28, 1902, the following petition in said case, supported by affidavit of defendant, was filed :

" In the Superior Court of the State of Delaware, in and for New Castle County :

" CITY OF NEW YORK,
" COUNTY OF NEW YORK, } ss.

" Personally appeared before me Mortimer S. Brown, a Notary Public in and for the State and County of New York, residing in the City of New York, Charles de K. Townsend, the defendant in the above stated suit, who, being by me solemnly sworn, deposes and says : That the above action is brought for the recovery of damages upon a claim for alleged personal injuries to said plaintiff; That the said alleged personal injuries were received by said plaintiff on the 23d of September, A. D. 1900 ; That the said action was brought and the said suit of Foreign Attachment was issued out of the said Superior Court on the 20th of January, A. D. 1902, and that the said action was brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained."

On motion of Alexander B. Cooper, Esq., rule granted upon plaintiff to show cause why the proceedings should not be stayed, or dismissed, or the action stricken from the record, and property attached be discharged.

Plaintiff's counsel accepts service of said rule May 28, 1902. June 26, 1902, after argument by respective counsel, rule discharged.

March 4, 1903, amount ascertained by inqusiition at bar, $5000.

March 7, 1903, petition and affidavit filed, and on motion of Alexander B. Cooper, Esq., rule granted upon plaintiff to show cause why the inquisition in the above case should not be set aside, and a new trial had.

May 28, 1903, affidavit filed, and on motion of Alexander B.

Cooper, Esq., rule granted upon plaintiff to show cause why the judgment in the above case should not be stricken off and vacated.

(Plaintiff's counsel accepted service of above rules.)

On June 2, 1903, said rules coming on to be heard, *Hilles*, for plaintiff, objected to Mr. Cooper's appearing in the case and asked that both of the above rules be discharged, on the ground that it was his understanding that the Court had already held at an earlier stage in the proceedings that in order for a defendant to avail himself of the statute of limitation it was necessary to be pleaded, and it could not be taken advantage of on motion to quash.

LORE, C. J.:—As there is doubt in our minds about the effect of the prior ruling of the Court in this case, we will hear Mr. Cooper upon the question of jurisdiction.

ARGUMENT OF RULE TO STRIKE OFF JUDGMENT.

*Mr. Cooper:*—This is an action of tort, under the statute passed March 12, 1901, *Vol. 22. Laws of Delaware, 498*, which permits a foreign attachment in tort to issue. It is to recover damages for personal injuries which occurred September 23, 1900. *20, Laws of Delaware, 712*, provides that " no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of one year from the date upon which it is claimed that such alleged injuries were sustained."

The defendant claims that the statute need not be pleaded. It can be taken advantage of by demurrer, motion or nonsuit, or in arrest of judgment, or any other appropriate proceedings. That it is a jurisdictional question. It stands by itself and cannot be construed in connection with our general statute of limitation, which refers chiefly to contracts and not to torts. It follows the *Statute of James I.* There was no statute, so far as defendant's counsel

was able to ascertain, prior to the statute of Pennsylvania in 1895, limiting the time for the bringing of actions for personal injuries; and it was upon the construction of that statute that defendant largely depended, although, under our general statute of limitation, if, upon the face of the record, it shows that the plaintiff's action was barred, that can be taken taken advantage of by demurrer, or motion in arrest of judgment.

The courts have gone very far in this matter, even to the limit of quashing the writ, where the facts are undisputed, *afortiori*, when the bar appears upon the record.

*Wilkins on Stat. Lim., 1 Law Library, 54; Newcomb vs. Steamboat " Clement," 3 Greene (Iowa), 295 ; Toby vs. Hooten, 156 Pa. St., 8, 19; 20, 22, 23 ; Rodebaugh vs. Phila. Traction Co., 190 Pa. St., 357, 361 ; Bowden vs, P., W. & B. R. R. Co., 196 Pa. St., 562, 564 ; Hanna vs. R. R. Co., 32 Indiana, 113 ; Levy vs. Stillwell, 84 Kentucky, 379 ; McArdle vs. McArdle, 12 Minn., 53, 56 ; Sharp vs. Corwin, 29 N. J. L., 311, 316, 317 ; Davenport vs. Short, 11 Minn., 219 ; McLane vs. State, 4 Geo., 335 (Criminal).*

The power of the Court to set aside its own judgment, where the want of jurisdiction appears upon the record is undoubted.

*Wilson vs. Arnold, 5 Mich., 98; Bailey vs. Hearn, 3 Iowa, 415.*

ARGUMENT UPON RULE TO SET ASIDE INQUISITION AT BAR.

The defendant's contention upon this branch was as follows :

(*a*) Want of notice. An inquisition will be set aside for want of notice to defendant or his attorney.

*1 Tidd, 568, 572, 575, 579, 580, 581.*

(*b*) That the amount was excessive. The jury returned a verdict for $5000 ; the bail was $2500.

*1 Tidd, 570 ; Chase vs. Christian, 41 Cal., 253.*

*Hilles*, for plaintiff, replied: That the statute of Delaware limiting the time in which an action for personal injuries shall be brought is a statute of limitation, and is to be construed in the same way and as a part of the general statute of limitation in this State. The Court was given jurisdiction of actions in tort by the statute in question, but had that jurisdiction independent of the statute. The statute itself is worded in the same way as the other statutes of limitation in this State and is to be construed in *pari materia* with them. Advantage of a statute of limitation can only be taken by a defendant by setting the bar of the statute up affirmatively in his pleadings. The reason for this is that the only way for a plaintiff to reply an exception, or any matter which would take the case out of the statute of limitation, is by a replication.

*Parker vs. Whitaker, 4 Harr., 527.*

LORE, C. J.:—The Court are unanimous that both of these rules ought to be discharged, and so order.

Rules discharged.